**BUSSMANN DIVISION OF COOPER INDUSTRIES/McGRAW HILL,**
Plaintiff–Respondent,

v.

**STATE TAX COMMISSION OF MISSOURI, and Ralph Smith, Chairman, Van E. Donley, Member, Robert E. Coleman, Member, Defendants–Appellants.**

No. 58001.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1991.

Robert H. Grant, Dennis C. Affolter, Government Counsel, Clayton, for defendants-appellants.

Jerome Wallach, St. Louis, for plaintiff-respondent.

CRANE, Judge.

This is a tax assessment case involving the estimation of the "true value in money," or "fair market value" of certain taxable manufacturing tools and equipment, specifically the active dies, of the Bussmann Division of Cooper Industries, Inc. [Bussmann] located at its manufacturing plant in St. Louis County, Missouri. The State Tax Commission of Missouri [the Commission] appeals from the judgment and order of the Circuit Court of St. Louis County which reversed the decision of the Commission and held the dies had no value.

We reverse and remand the order and judgment of the circuit court.

Bussmann owns and operates a manufacturing plant in Ellisville, Missouri in which it manufactures fuses and related products. The machinery at the plant includes presses and other machines into which "dies" are inserted to cut, stamp or otherwise form the component parts of Bussmann's fuses and other products. The dies are specifically machined and manufactured to Bussmann's specifications so that they can form, stamp or cut a particular part. The plant cannot operate without the active dies.

In 1986 Bussmann filed a manufacturer's tax return. For all of its taxable machinery and equipment except the dies, Bussmann declared the net value of that equipment by applying the County's depreciation formula to the acquisition cost. Bussmann made a separate declaration of value of the dies, stating that the "true value of dies" was $208,873.

The Board of Equalization of St. Louis County determined the market value of the dies to be $1,457,040. Bussmann appealed the Board's assessment to the State Tax Commission. The parties stipulated that the only issue to be resolved by the Commission was the value of the dies. They further stipulated that the original acquisition cost of the Bussmann dies was $2,377,024. The dies in question were the active dies used or ready to be used in the manufacturing process. The inactive dies were not assessed and the County did not contend that they had any value.

At the hearing before the Tax Commission, Bussmann and the County presented expert testimony concerning the value of the dies. Bussmann's appraisal witness, Arthur Hirons, testified that there would be no market for Bussmann's dies sold alone as used dies or as scrap if they were offered for sale and that consequently their market value was zero. Because of the lack of market value, he testified he could not use any of the standard approaches, market, income or cost, to appraise the dies. He acknowledged that dies are never sold by themselves.

The appraiser for St. Louis County, Don Marcks, testified that there is no market for used dies separate from the machinery and equipment in which they are used, but that the relevant market for dies is as an integral part of an operating manufacturing plant. Mr. Marcks appraised the dies using a cost less depreciation method. This method of estimating market value of machinery and equipment as a part of a plant is a recognized and generally accepted appraisal practice and is accepted and taught by the American Society of Appraisers. It involves estimating the reproduction cost, determining the estimated economic life of the dies, and determining depreciation. Mr. Marcks estimated that the active dies held by Bussmann and ready for use at its plant on January 1, 1986 had a market value of $1,292,000.

The dies in dispute were in fact sold in 1985 when Cooper Industries, Inc. purchased the Bussmann Manufacturing Division, including the Ellisville plant and several other operating plants. Cooper Industries continued to use the plant for the production of fuses.

The Tax Commission decided that the true value of the dies was $1,292,000. On appeal the Commission contends the trial court erred in reversing the Commission. We agree.

"On review of an administrative decision, [the appellate] court is limited to a determination of whether the decision was supported by competent and substantial evidence upon the whole record, whether it was arbitrary, capricious or unreasonable, or whether the commission abused its discretion." *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894 (Mo. banc 1978). "The evidence must be considered in a light most favorable to the administrative body, together with all reasonable inferences which support it." *Id.* If the evidence would support either of two opposed findings, we are bound by the administrative determination. *Id.* "We ... acknowledge the wisdom of the General Assembly in providing an administrative agency to deal with the specialized field of property tax assessment." *State ex rel.*

*Cassilly v. Riney,* 576 S.W.2d 325, 328 (Mo. banc 1979). Our cases indicate the courts of this state are loathe to substitute their judgment for the expertise of the Commission in these matters. *Savage v. State Tax Commission,* 722 S.W.2d 72, 75 (Mo. banc 1986).

Section 137.115 RSMo 1986 requires property to be assessed at a percentage of its "true value in money." "True value in money" means the fair market value of the property. *Hermel, supra,* 564 S.W.2d at 897. It is within the discretion of the Commission to choose the appropriate method of valuation in a given case and the weight to be accorded the various factors relevant to determination of market value. *St. Louis County v. State Tax Commission,* 515 S.W.2d 446, 450 (Mo.1974). Cost less depreciation, the method used by the County's assessor, is a widely accepted method of valuation. *Quincy Soybean Company, Inc. v. Lowe,* 773 S.W.2d 503, 505 (Mo.App. 1989). "That method, and the valuation based thereon, constitutes substantial evidence to support the commission's findings." *Id.*

Bussmann argues that the Commission's finding of a market and thus a market value for the dies was not supported by the evidence. The Commission specifically found that "there is a market, and thus a market value, for the subject dies and finds [Bussmann's] evidence to the contrary to be unpersuasive." The finding was based on another finding that the active dies are an integral part of Bussmann's manufacturing plant which could not operate without those dies. These findings were supported by expert testimony and evidence of the actual sale of the facility, including the dies, in 1985.

Bussmann next argues that the Commission did not take into account all relevant factors affecting value, specifically the testimony that there was no market for used dies alone and that the dies had no value as scrap metal. In *Stephen & Stephen Properties, Inc. v. State Tax Commission,* 499 S.W.2d 798, 802 (Mo.1973), on which Bussmann relies, the decision of the Commission was reversed because it did not take into account or address certain undisputed facts which were alleged to have a depreciating effect on the value of the property. In this case the Commission was presented with a disputed issue, whether there was a market for these dies. Bussmann took the position before the Commission that the dies had no market and consequently no market value. The Commission resolved this factual dispute and found that the dies have a market when they are sold with the machinery, of which they are an integral part, and accordingly proceeded to find a market value. The Commission was not required to consider that the dies offered for sale alone had no value as used dies or as scrap because it found, and it was undisputed, that dies are never sold "in isolation."

On its tax return and before the Commission, Bussmann isolated the dies from the rest of its machinery and then argued the dies standing alone had no market and hence had no value. Upon the record before it, the Commission was justified in finding that the dies should not be valued in isolation when they had value as an integral part of the machinery of the plant and a market existed for them in that context.

The Commission considered all factors relevant to the cost approach, including all forms of depreciation. The Commission's order is supported by competent and substantial evidence and is not arbitrary, capricious or unreasonable. There was no abuse of discretion. The judgment of the circuit court is reversed and the case is remanded to the circuit court with directions to enter judgment affirming the Commission.

REINHARD, P.J., and STEPHAN, J., concur.